**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| CHRISTOPHER ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| BISON RECOVERY GROUP, INC., and | ) |
| DNF ASSOCIATES LLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CHRISTOPHER ANDERSON ("Plaintiff"), by and through his attorney, Chauntel D. Bland, Esquire, alleges the following against Defendants, BISON RECOVERY GROUP, INC. and DNF ASSOCIATES LLC ("Bison" and "DNF" respectively and "Defendants" collectively):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the Town of Clover, York County, State of South Carolina.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. Bison is a New York business corporation and national debt collection agency based in the Village of Blasdell, Erie County, State of New York.

11. DNF is a New York limited liability company, national debt collection agency, and debt buyer based in the Hamlet of Getzville, Town of Amherst, Erie County, State of New York.

12. Defendants are business entities engaged in the collection of debt within the State of South Carolina.

13. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to themselves or third parties.

14. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties or debts it purchased from third parties.

15. During the course of its attempts to collect debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff, originating as an unpaid Polaris account.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

19. At all times relevant hereto, DNF was the owner of the above-referenced Polaris account.

20. At all times relevant hereto, Bison was engaged by DNF to collect the above-referenced debt from Plaintiff.

21. In or around May 2020, Bison began placing collection calls to Plaintiff's cellular telephone at 704-516-6480 in an attempt to collect the alleged debt.

22. Bison calls Plaintiff from several telephone numbers, including 716-256-1596, which is one of Bison's telephone numbers.

23. Bison also leaves voicemail messages for Plaintiff.

24. During the above-referenced voicemail messages:

    a. Bison's collectors failed to disclose that they were calling from Bison Recovery Group, Inc.;

    b. Bison's collectors failed to disclose that they were calling Plaintiff in an attempt to collect a debt; and

    c. Bison's collectors gave 855-977-2118 as the callback number, which is one of Bison's telephone numbers.

25. Despite having already located Plaintiff, Bison called Plaintiff's mother and Plaintiff's

employer in an attempt to collect the alleged debt.

26. In connection with the above-referenced collection calls, Bison disclosed to Plaintiff's mother and Plaintiff's employer that Plaintiff owes an alleged debt.

27. Bison's calls to Plaintiff's mother and Plaintiff's former employer embarrassed and coerced Plaintiff to agree to pay the alleged debt.

28. On or about May 21, 2020, as a result of Bison's coercive tactics, Plaintiff paid the alleged debt in the amount of $2,100.00.

29. Bison's above-referenced actions coerced Plaintiff into payment of the alleged debt.

30. The natural consequences of Bison's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

31. The natural consequences of Bison's actions was to produce an unpleasant and/or hostile situation between Bison and Plaintiff.

32. The natural consequences of Bison's actions was to cause Plaintiff mental distress.

## COUNT I:
## BISON RECOVERY GROUP, INC. VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Bison violated the FDCPA. Bison's violations include, but are not limited to, the following:

    a. Bison violated § 1692b(2) of the FDCPA by communicating with any person other than the consumer and stating that the consumer owes any debt when Bison called Plaintiff's former employer and Plaintiff's mother and stated that Plaintiff allegedly owes a debt;

    b. Bison violated § 1692c(b) of the FDCPA by communicating in connection with the collection of any debt with any person other than the consumer or his attorney

when Bison communicated with Plaintiff's former employer and Plaintiff's mother without the exceptions of § 1692b available to it;

c.  Bison violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Bison's collectors called Plaintiff's former employer and Plaintiff mother to embarrass and coerce Plaintiff into payment of the alleged debt;

d.  Bison violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Bison's collectors failed to disclose that they were calling from Bison Discovery Group, Inc. when they left voicemail messages for Plaintiff;

e.  Bison violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Bison when Bison's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

f.  Bison violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Bison when Bison's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff; and

g.  Bison violated § 1692e(11) of the FDCPA when Bison's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff.

WHEREFORE, Plaintiff, CHRISTOPHER ANDERSON, respectfully requests that judgment be entered, both jointly and severally, against Defendant, BISON RECOVERY GROUP, INC. for the following:

a. Actual damages of not less than $2,100.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DNF ASSOCIATES LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff incorporates here by reference the foregoing paragraphs 1 through 33 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

35. As alleged above, DNF is a debt collector as defined by the FDCPA.

36. DNF engaged the services of fellow debt collector Bison to collect the alleged debt from Plaintiff.

37. DNF has the burden to monitor the activities of Bison.

38. Bison violated the FDCPA.

39. DNF is vicariously liable for the unlawful collection activities carried out by Bison on its behalf.

WHEREFORE, Plaintiff, CHRISTOPHER ANDERSON, respectfully requests that judgment be entered, both jointly and severally, against Defendant, DNF ASSOCIATES LLC, for the following:

a. Actual damages of not less than $2,100.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d. Any other relief that this Honorable Court deems appropriate.

DATED: June 11, 2020

                    Respectfully submitted,

                  By: /s/ Chauntel D. Bland
                     Chauntel D. Bland, Esquire
                     463 Regency Park Drive
                     Columbia, SC 29210
                     Tel: (803) 319-6262
                     Fax: (803) 322-6815
                     chauntel.bland@yahoo.com
                     Attorney for Plaintiff